OLIVIER A. TAILLIEU (SBN 206546)
*o@taillieulaw.com*
RAFFI ZEROUNIAN (SBN 236388)
*rz@taillieulaw.com*
**THE TAILLIEU LAW FIRM LLP**
450 N. Roxbury Dr., Suite 700
Beverly Hills, California 90210
Telephone: (310) 651-2440
Facsimile: (310) 651-2439

Attorneys for Plaintiff
CARRIE EKO-BURGESS ILLUSTRATION, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CARRIE EKO-BURGESS ILLUSTRATION, INC., an individual,

Plaintiff,

v.

GIGGLES N' HUGS, INC. a Nevada corporation, GLENDALE GIGGLES N' HUGS, INC., a California corporation, and JOEY PARSI, an individual, and DOES 1-10,

Defendants.

CASE NO.

**COMPLAINT FOR:**

**1. COPYRIGHT INFRINGEMENT**

**2. BREACH OF CONRACT**

**JURY TRIAL DEMANDED**

Carrie Eko-Burgess Illustration, Inc. ("Carrie"),[1] by its attorneys of record, for its Complaint against Giggles N' Hugs, Inc., Glendale Giggles N' Hugs, Inc., Joey Parsi, and Does 1-10 (collectively, "Defendants"), alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is an action to enjoin and obtain redress for Defendants' unauthorized and improper exploitation of Carrie's valuable artwork, in an attempt to boost the sales of Defendants' popular children-themed restaurants, "Giggles N' Hugs."

2. Carrie's copyrighted designs appear throughout the interior, exterior, and marketing materials of Defendants' restaurant.

3. In violation of an express written contract with Carrie, which strictly limited the use of Carrie's artwork to the first restaurant that Defendants created, Defendants misappropriated Plaintiff's artwork to design the interior, exterior, logo, and marketing materials of two additional restaurant locations. The use of Carrie's artwork in connection with these two additional restaurants was neither contracted for nor approved of by Carrie. In fact, the opposite is true.

4. When Defendants were reminded that their conduct was not permitted by the contract and not approved by Carrie, Defendants refused to correct their actions.

5. Defendants' concern for their own financial interest materially breaches the agreement executed by Defendants and infringes upon Carrie's copyright ownership of the artwork.

6. Defendants presumably expend significant efforts to build reputable family-friendly establishments. However, the sobering reality of Defendants' business practices tells a different story. Indeed, behind the "Giggles" and the "Hugs" lies a company that is built upon Defendants' deliberate and callous theft of Carrie's valuable artwork.

---

[1] Plaintiff is owned in part and operated by Ms. Carrie Eko-Burgess. For purposes of this Complaint, Carrie and Ms. Burgess will be collectively referred to as "Carrie" or "Plaintiff".

**PARTIES**

7. Plaintiff Carrie Eko-Burgess Illustration, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business in Livermore, California. Plaintiff is owned in part by and operated by Ms. Carrie Eko-Burgess, an award-winning artist.

8. Defendant Giggles N' Hugs, Inc. is a corporation organized and existing under the laws of the State of Nevada with its principal place of business in Los Angeles, California.

9. Defendant Glendale Giggles N' Hugs, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business in Glendale, California.

10. Defendant Joey Parsi ("Parsi") is an individual residing in Los Angeles, California and is the Chief Executive Officer and President of both Defendant Giggles N' Hugs, Inc. and Defendant Glendale Giggles N' Hugs, Inc., and has a significant ownership interest in these corporate entities. Parsi is the moving, active, conscious force that has caused all of the wrongful acts alleged in this complaint to occur.

11. Plaintiff is presently ignorant of the true names and capacities of defendants sued herein as Does 1-10 and, therefore, sues these defendants by such fictitious names. Plaintiff will amend its complaint to allege these Defendants' true names and capacities when ascertained.

12. At all times herein mentioned, each defendant was the agent, employee, partner, joint venturer, aider and abettor, alter ego, and co-conspirator of, or with, each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, joint venture, and conspiracy, and each defendant directed, ratified and approved the acts of the remaining defendants.

///

///

///

///

**JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, et seq. (copyright infringement) and 28 U.S.C. §§ 1331 (federal question jurisdiction). The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over Defendants, and venue is proper under 28 USC §1391, because the operative agreement between the parties was negotiated and executed in this judicial district and because the effects of Defendants' acts are felt in this judicial district, which the Defendants expressly aimed at this judicial district by willfully infringing Plaintiff's intellectual property rights.

**INTRADISTRICT ASSIGNMENT**

15. This intellectual property action shall be assigned on a district-wide basis pursuant to Civil L.R. 3-2(c).

**FACTS COMMON TO ALL CLAIMS**

16. Carrie is an award-winning artist, specializing in children's fantasy themes and colorful illustrative depictions of fairy tale characters, including unicorns, mermaids, dragons, princesses, and castles.

17. Defendants operate three children-themed restaurants in the Los Angeles area titled "Giggles N' Hugs." According to its website, Giggles N' Hugs provides "organic food" combined with "active, cutting-edge play and entertainment for children."

18. Defendants' original and flagship restaurant is located in the Century City neighborhood of Los Angeles, California ("Century GNH"). Century GNH opened on or about December 2010.

19. Prior to the opening of Century GNH, on October 18, 2010, Defendants executed a one-page written agreement for Carrie to create the illustrations for the interior and exterior of the restaurant, as well as the restaurant's logo and marketing materials. A true and correct copy of the agreement (the "Agreement") is attached as Exhibit A.

///

20. The Agreement strictly limited the use of Carrie's artwork to the Century GNH location only. According to the Agreement:

> Giggles-n-Hugs/Joey Parsi has purchased the rights to use all the illustration assets on this sheet, for use in the interior/exterior as well as marketing for the **Century City, Westfield location only. For additional usage, ie: new locations, Carrie Eko-Burgess must be contacted . . .** Wherever illustration is used, the following credit must appear: (c) Carrie Eko-Burgess Illustration.

Exhibit A (emphasis added).

21. Carrie created an array of original children's fantasy-themed artwork for use by Century GNH, including: (1) a "Once Upon a Time" style illustration containing a variety of fair-tale characters; and (2) a "Princess and Unicorn" illustration. Copies of Carrie's artwork are included in the Agreement. *See* Exhibit A.

22. In no small part due to Carrie's artwork, Century GNH became a success. According to the restaurant's own website, Century GNH was rated as a "#1 birthday party" venue by a national children's television network and recognized as "best family & kid-friendly restaurants" in various reviews.

23. Shortly after the opening of Century GNH, Defendants planned the opening of two additional restaurant locations, in Glendale and Canoga Park, California that would prominently feature Plaintiff's copyrighted artwork.

24. On or about September 2011, Parsi contacted Carrie, expressing his desire to expand the Agreement to allow Carrie's artwork to be used in connection with additional restaurant locations. Unfortunately, the parties could not reach a new agreement.

25. Undeterred, and without Carrie's permission, Defendants extensively integrated Carrie's artwork into the interior and exterior designs of the Glendale and Canoga Park restaurants in violation of Plaintiff's copyright rights and the Agreement. Defendants also implemented Carrie's artwork in the two new restaurants' marketing materials. True and correct copies of

examples of the unauthorized use of Carrie's artwork in connection with the Glendale and Canoga Park restaurants are attached as Exhibit B.

26. To this day, Defendants continue the unauthorized use of Carrie's artwork in connection with the Glendale and Canoga Park restaurants. Defendants are fully aware that the Agreement does not permit such use of Carrie's artwork, as Defendants specifically sought, and were denied, permission to use the artwork in such a manner.

27. Carrie through her counsel has contacted Defendants on several occasions to urge Defendants to cease all unauthorized use of the artwork, and to compensate Carrie for the unpermitted use. Defendants, however, have refused Carrie's reasonable requests. Defendants' recalcitrance has forced Carrie to bring this action.

28. Defendants' conduct is particularly egregious because, as the purveyor of establishments that cater to children, Defendants should be setting an example as an honest role model. Instead, Defendants have shown no remorse for their ongoing theft of Carrie's intellectual property. Defendants' clientele, parents and children, would undoubtedly disapprove of a business that is decorated with misappropriated artwork. Defendants must be held to account for their actions.

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement under 17 U.S.C. § 101, *Et Seq.*—Against All Defendants)**

29. Carrie incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

30. Carrie is, and at all relevant times has been, the copyright owner of the artwork identified in Exhibit A (the "Copyrighted Artwork"), which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

31. Among the exclusive rights granted to Carrie under the Copyright Act is the exclusive right to reproduce and distribute the Copyrighted Artwork.

32. Upon information and belief, Defendants have used, and continue to use, the Copyrighted Artwork, without the permission of Carrie, in connection with Defendants'

restaurants located in Glendale and Canoga Park, California. Defendants' unpermitted use of the Copyrighted Artwork includes, but is not limited to, the interior/exterior design of the restaurants, and marketing materials. In doing so, Defendants have violated Carrie's exclusive copyright rights of reproduction and distribution.

33. Upon information and belief, the foregoing acts of infringement have been willful and intentional, in disregard of, and with indifference to, the rights of Carrie.

34. Carrie has suffered substantial actual damages as a result of Defendants' unauthorized and illegal use of the Copyrighted Artwork. As a result, Carrie is entitled to damages in an amount to be proven at trial plus interest. Further, Carrie is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) in an amount up to $150,000 for each violation because Defendants' infringement occurred after Plaintiff had secured a copyright registration. Carrie is also entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

35. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Carrie great and irreparable injury that cannot fully be compensated or measured in money. Carrie has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Carrie is entitled to injunctive relief prohibiting Defendants from further infringing Carrie's copyrighted works.

**SECOND CLAIM FOR RELIEF**

**(For Breach of Contract—Against All Defendants)**

36. Carrie incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

37. Carrie has fully performed all acts, covenants and conditions to be performed on Carrie's part as required under the Agreement.

38. Defendants breached the Agreement, as alleged above, by their unpermitted use of the Copyrighted Artwork in connection with Defendants' restaurants located in Glendale and Canoga Park, California.

///

39. As a proximate result of Defendants' breach of the Agreement, Carrie has suffered damages in an amount which shall be proved at trial, plus costs and legal interest.

**PRAYER FOR RELIEF**

WHEREFORE, Carrie prays for judgment as follows:

1. A temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants from the unauthorized use of the Copyrighted Artwork;
2. Actual damages;
3. Statutory damages and enhanced damages for willful infringement, pursuant to 17 U.S.C. § 504;
4. Costs of suit and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;
5. An accounting;
6. Prejudgment interest; and
7. Such other relief as the Court may deem just and proper.

Dated: February 28, 2014

Respectfully submitted:

**THE TAILLIEU LAW FIRM LLP**
OLIVIER A. TAILLIEU
RAFFI V. ZEROUNIAN

By: ______________________
Attorneys for CARRIE EKO-BURGESS ILLUSTRATION, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff Carrie Eko-Burgess Illustration, Inc. hereby requests a trial by jury.

Dated: February 28, 2014

Respectfully submitted:

**THE TAILLIEU LAW FIRM LLP**
OLIVIER A. TAILLIEU
RAFFI V. ZEROUNIAN

By: ______________________
Attorneys for CARRIE EKO-BURGESS ILLUSTRATION, INC.